### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS V. DAMICO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 18-cv-1002-JBM |
| ) | |
| JUSTIN HAMMERS, et al., ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se,* pursues a § 1983 action for violation of his Fourteenth Amendment rights at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker,* 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff asserts that on August 29, 2017, the Prisoner Review Board ("PRB") approved him for Mandatory Supervise Release ("MSR"), provided he have an approved host site. Plaintiff was told at the hearing that, due to his history as a parole violator, Field Services would not find him housing. It would be up to Plaintiff and his family to find an appropriate halfway house or shelter. Plaintiff claims that his sister has found two half-way houses and one shelter,

and informed Defendant Penni Harris of Field Services. Field Services was then to send a parole agent to check and approve the site. Plaintiff claims that Defendant Harris has refused to contact the facilities to initiate the approval process, due to Plaintiff's status as a parole violator.

Plaintiff has attached a grievance and several grievance responses to his complaint. These include an October 6, 2017 Counseling Summary by Defendant Harris. That indicates that Plaintiff's father's address has been denied as a potential site as the father allegedly said "no" to the request. In the Summary, Defendant informs Plaintiff that as a parole violator, he will not be able to go to a halfway house "is those beds are given precedence to those initially paroling out. You will need a residential address to get approved to resume your parole. If you have any other addresses to submit-please get close to me." [ECF 1 space. P. 9].

On October 11, 2017, Defendant Harris authored another Counseling Summary indicating she would contact Plaintiff's father to see if he was now agreeable to having Plaintiff paroled there. Defendant stated "[a]gain…you will not get into a halfway house being a parole violator." [ECF 1p. 10]. Plaintiff also provides the October 31, 2017 Counseling Summary of Defendant Counselor Jeff Heffron reasserting that Plaintiff was not eligible for a halfway house due to his status as a parole violator. Plaintiff claims that Defendants Harris and Heffron have violated his Due Process rights as Defendants refuse to contact the facilities identified by his sister, to determine whether they are eligible host sites. Plaintiff requests declaratory and injunctive relief, but not money damages.

Since filing his complaint, Plaintiff has informed the Court that he has been paroled out and is living at a street address in Beecher, Illinois. As Plaintiff has apparently been paroled to an acceptable host site, his request for injunctive relief is moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (plaintiff not eligible for injunctive relief where no longer subject to

complained-of condition). Plaintiff's request for declaratory relief is also rendered moot. *See Pearson v. Welborn*, 471 F.3d 732, 742 (7th Cir. 2006) (request for declaratory and injunctive relief in transfer to another prison rendered moot when plaintiff was subsequently transferred). *Id.* at 743 (citing *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (equating remedies of injunctive and declaratory relief)).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have an opportunity to replead, within 30 days. If he does so, he is to designate the pleading as an Amended Complaint. It is to contain all of his claims against all Defendants, without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case. All Defendants are DISMISSED.

2) Plaintiff's name is to be changed in the caption from "Demarco" to "Damico." The Clerk is DIRECTED to update Plaintiff's contact information to reflect the street address in Beecher, Illinois.

3) Plaintiff's motion for status [6] is rendered MOOT.

\_\_5/9/2018_____ _____s/Joe Billy McDade_____
ENTERED JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE